IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LYLE BAILEY on behalf of
Kacee Jo Pace,

        Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

        Defendant.

3:12-CV-01092-BR

OPINION AND ORDER


MERRILL SCHNEIDER
Schneider Kerr Law Offices
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

        Attorneys for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**CHRISTOPHER J. BRACKETT**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2545

      Attorneys for Defendant

**BROWN, Judge.**

    Lyle Bailey, personal representative of Plaintiff Kacee Jo Pace,[2] seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    Following a review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative

---

    [2] Pace died after this action was filed.  Nevertheless, the parties refer to Pace as "Plaintiff."  Accordingly, the Court will also refer to Pace as Plaintiff in this action.

2 - OPINION AND ORDER

proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for SSI on April 23, 2009, alleging a disability onset date of February 13, 2009.  Tr. 105.[3] The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on December 9, 2010.  Tr. 29-46.  Plaintiff was represented by an attorney at the hearing.  Plaintiff and a vocational expert (VE) testified at the hearing.

The ALJ issued a decision on January 7, 2011, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 17-23.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on April 26, 2012, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on March 9, 1961, and was 49 years old at the time of the hearing.  Tr. 47.  Plaintiff received a GED. Tr. 32.  She had past relevant work experience as a cook. Tr. 22.

---

[3] Citations to the official transcript of record filed by the Commissioner on December 19, 2012, are referred to as "Tr."

3 - OPINION AND ORDER

Plaintiff alleges disability due to depression, anxiety, osteoarthritis of the left knee, and degenerative joint disease. Tr. 19.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 21-22.

#### STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42

4 - OPINION AND ORDER

U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

    The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

**DISABILITY ANALYSIS**

## I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 416.920.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 416.920(b).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(c).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must

6 - OPINION AND ORDER

assess the claimant's Residual Functional Capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 416.945(a). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set

7 - OPINION AND ORDER

forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff had not engaged in substantial gainful activity since her April 3, 2009, onset date. Tr. 19.

At Step Two the ALJ found Plaintiff had the severe impairments of depression, anxiety, osteoarthritis of the left knee, and degenerative joint disease. Tr. 19.

At Step Three the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1. The ALJ found Plaintiff had the RFC to perform "a full range of work at all exertional levels," and Plaintiff could occasionally stoop, kneel, crouch, and crawl. Tr. 20. Plaintiff was limited to "entry level 1 to 2 step work with occasional public contact." Tr. 20.

At Step Four the ALJ concluded Plaintiff was unable to perform her past relevant work. Tr. 22.

At Step Five the ALJ found Plaintiff could perform jobs as a laundry worker and a small-products assembler that exist in significant numbers in the national economy. Tr. 23. Accordingly, the ALJ found Plaintiff was not disabled.

8 - OPINION AND ORDER

## **DISCUSSION**

As noted, at Step Three the ALJ limited Plaintiff to "entry level 1 to 2 step work." The ALJ's hypothetical to the VE at the hearing included the limitation of "entry-level work, work that would combine one or two-step operation of something that can be learned in less than 30-days." Tr. 43. The VE identified two occupations for a person with the limitations described in the hypothetical: laundry worker and small-products assembler, both of which are assigned to Reasoning Level 2 in the Dictionary of Occupational Titles (DOT).[4] The ALJ adopted the VE's testimony when he found Plaintiff could perform other work that existed in significant numbers in the national economy.

SSR 00-4p provides the adjudicator "'will ask' the vocational expert 'if the evidence he or she has provided' is consistent with the Dictionary of Occupational Titles and obtain a reasonable explanation for any apparent conflict." *Massachi v. Astrue,* 486 F.3d 1149, 1152-53 (9th Cir. 2007). "SSR 00-4p explicitly requir[es] that the ALJ determine whether the expert's testimony deviates from the Dictionary of Occupational Titles and whether there is a reasonable explanation for any deviation."

---

[4] The DOT defines Reasoning Level 2 as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." Dictionary of Occupational Titles App'x C (4th ed. 1991 (available at 1991 WL 688702).

9 - OPINION AND ORDER

*Id.* at 1153. The ALJ's failure to do so may be deemed "harmless" if there is "no conflict or if the [VE] had provided sufficient support" for her conclusion "to justify any potential conflicts with the DOT." *Id.* at 1154 n.19.

Plaintiff asserts the ALJ erred because the requirements of the occupations that the ALJ identified "exceeded the '1 to 2 step work' limitation in plaintiff's [RFC], and the [VE], who testified that plaintiff could perform the representative occupations, did not explain the variance." Specifically, Plaintiff contends because her RFC limited her to jobs involving simple 1-2 step instructions, she could only perform jobs at Reasoning Level 1.[5] The ALJ, however, failed to ask the VE whether his testimony that Plaintiff could perform jobs at Reasoning Level 2 conflicted with the DOT and to obtain an explanation for any such conflict.

The Commissioner concedes the ALJ erred when he did not ask the VE about the apparent conflict between the VE's testimony and the Dictionary of Occupational Titles. The Commissioner, however, contends the error was harmless because Plaintiff's limitation in following 1-2 step instructions was belied by the

---

[5] The DOT defines Reasoning Level 1 as the ability to "[a]pply commonsense understanding to carry out simple one-or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." Dictionary of Occupational Titles App'x C (4th ed. 1991)(available at 1991 WL 688702).

10 - OPINION AND ORDER

fact that Plaintiff has a GED, which indicates she had abilities in reasoning, arithmetic, and language skills and, therefore, would generally be considered to be someone who can perform semi-skilled work.

District courts in the Ninth Circuit have found "[t]he law on this . . . point is far from clear[,] . . . .the Ninth Circuit has not addressed it," and the case law is inconsistent. *Whitlock v. Astrue*, No. 3:10-cv-357-AC, 2011 WL 3793347, at *4 (D. Or. Aug. 24, 2011). *See also Allen-Howard v. Astrue*, No. 3:11-CV-01116-RE, 2012 WL 4739425, at *2 (D. Or. Oct 3, 2012)(same); *Taylor v. Astrue*, No. C12-1069- MJP-MAT, 2013 WL 607436, at *9 (W.D. Wash. Jan. 28, 2013)(same).

A number of courts have concluded limiting a claimant to simple and routine tasks is not inconsistent with VE testimony that a claimant can perform jobs that are at DOT Reasoning Level 2. *See, e.g., Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005)(a claimant limited to "simple and routine work tasks" could perform jobs with Reasoning Level 2); *Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004)(An RFC of "simple, routine and repetitive" work was consistent with jobs requiring Reasoning Level 2); *Villa/ana v. Astrue*, No. 08-CV-1954, 2010 WL 1286818, at *10 (E.D. Cal. Mar. 29, 2010)(a limit to "one and two step job instructions" is consistent with DOT Reasoning Level 2); *Koch v. Astrue*, No. 08-CV-609-PK, 2009 WL 1743680, at *17 (D. Or.

11 - OPINION AND ORDER

June 15, 2009)(limitation to "simple, routine tasks" is consistent with work identified by DOT as requiring Reasoning Level 2); *Meissl v. Barnhart*, 403 F. Supp. 2d 981, 984 (C.D. Cal. 2005)(limit to "simple tasks performed at a routine pace" is consistent with Reasoning Level 2).  Other courts, however, have concluded limiting a claimant to simple, routine, one- and two-step tasks is not consistent with the ability to perform jobs with Reasoning Level 2.  *See, e.g.*, *Newman v. Astrue*, No. 10-CV-01013, 2011 WL 1464911, at *3 (C.D. Cal. Apr. 15, 2011) ("Plaintiff's limitation to simple one and two part instructions is consistent with a reasoning level of 'one.'"); *Taylor v. Astrue*, No. C12-1069- MJP-MAT, 2013 WL 607436, at *9 (W.D. Wash. Jan. 28, 2013)(same); *Coleman v. Astrue*, No. 10-CV-5641, 2011 WL 781930, at *5-6 (C.D. Cal. Feb. 28, 2011)(an express limitation to "one-to-two step jobs" is inconsistent with a reasoning level of two); *Grigsby v. Astrue*, No. 08-CV- 1413, 2010 WL 309013, at *2 (C.D. Cal. Jan. 22, 2010)("The restriction to jobs involving no more than two-step instructions is what distinguishes Level 1 reasoning from Level 2 reasoning.").

   Courts in this district have concluded this conflict requires the ALJ to ask the VE at the hearing and the VE to explain the conflict.  These courts have generally remanded for further proceedings to obtain a sufficient explanation.  *See, e.g., Allen-Howard*, 2012 WL 4739425, at *2; *Whitlock*, 2011 WL

12 - OPINION AND ORDER

3793347, at *5. The Court agrees this conflict must be addressed at the hearing and an explanation obtained from the VE.

Accordingly, the Court concludes the ALJ erred when he failed to ask the VE whether his opinion was consistent with the DOT in light of medical evidence in the record that supports Plaintiff being limited to work involving "simple and routine tasks" *(i.e.,* work at Reasoning Level 1 rather than Reasoning Level 2) and when he failed to obtain an explanation from the VE as to the conflict. The Court also concludes the ALJ's failure was not harmless.

## **REMAND**

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court. *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or

13 - OPINION AND ORDER

for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

Because the ALJ did not require an explanation about the conflict between the VE's testimony and the DOT, this Court cannot determine whether it was proper for the ALJ to rely on the VE's testimony. In turn, the Court "cannot determine whether substantial evidence supports the ALJ's finding" that the claimant can perform other work, and, as a result, this matter must be remanded. *Id*.

Accordingly, the Court remands this matter for further

14 - OPINION AND ORDER

administrative proceedings consistent with this Opinion and Order for the purpose of obtaining additional testimony from a VE.

## **CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 19th day of July, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER