IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LYLE BAILEY on behalf of
Kacee Jo Pace,

        Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

        Defendant.

3:12-CV-01092-BR

OPINION AND ORDER

MERRILL SCHNEIDER
Schneider Kerr Law Offices
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

        Attorneys for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**CHRISTOPHER J. BRACKETT**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2545

        Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Plaintiff Kacee Jo Pace's[2] Motion (#23) for Attorneys' Fees in the amount of $4,466.21 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

For the following reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion and **AWARDS** attorneys' fees to Plaintiff in the amount of **$4,364.74**.

### BACKGROUND

On April 23, 2009 Plaintiff filed an application for

---

[2] Pace died after this action was filed and Lyle Bailey is now acting on her behalf. Nevertheless, the parties refer to Pace as "Plaintiff." Accordingly, the Court will also refer to Pace as Plaintiff.

2 - OPINION AND ORDER

Supplemental Security Income (SSI) under Title XVI of the Social Security Act. Plaintiff alleged she was disabled due to depression, anxiety, osteoarthritis of the left knee, and degenerative joint disease. Tr. 19. Plaintiff alleged a disability onset date of February 13, 2009. Tr. 105. On January 7, 2011, following a hearing, the ALJ issued a decision in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 17-23.

On June 19, 2012, Plaintiff filed a Complaint (#1) in this Court seeking judicial review of the Commissioner's final decision. Plaintiff argued in her Opening Brief that the ALJ erred when he failed to follow Social Security Ruling (SSR) 00-4p, which provides the adjudicator "'will ask' the vocational expert 'if the evidence he or she has provided' is consistent with the Dictionary of Occupational Titles and obtain a reasonable explanation for any apparent conflict." *See Massachi v. Astrue,* 486 F.3d 1149, 1152-53 (9th Cir. 2007). Plaintiff asserted:

> [T]he ALJ erred because the requirements of the occupations that the ALJ identified "exceeded the '1 to 2 step work' limitation in plaintiff's [RFC], and the [VE], who testified that plaintiff could perform the representative occupations, did not explain the variance." Specifically, Plaintiff contend[ed] because her RFC limited her to jobs involving simple 1-2 step instructions, she could only perform jobs at Reasoning

3 - OPINION AND ORDER

>Level 1.³ The ALJ, however, failed to ask the VE whether his testimony that Plaintiff could perform jobs at Reasoning Level 2 conflicted with the DOT and to obtain an explanation for any such conflict.

On July 19, 2013, this Court concluded "the ALJ erred when he failed to ask the vocational expert (VE) whether his opinion was consistent with the DOT in light of medical evidence in the record that supports Plaintiff being limited to work involving 'simple and routine tasks' (*i.e.*, work at Reasoning Level 1 rather than Reasoning Level 2) and when he failed to obtain an explanation from the VE as to the conflict." Opin. and Order (#21) at 13. The Court also concluded the ALJ's failure was not harmless and, accordingly, reversed the Commissioner's decision and remanded this matter for further administrative proceedings "for the purpose of obtaining additional testimony from a VE." *Id.* at 14-15.

Plaintiff, as the prevailing party, subsequently filed his Motion (#23) for attorneys' fees pursuant to EAJA. Plaintiff seeks attorneys' fees in the amount of $4,466.21, which includes fees for time spent preparing Plaintiffs EAJA application. The Commissioner opposes an award of fees on the ground that its

---

³ The Dictionary of Occupational Titles (DOT) defines Reasoning Level 1 as the ability to "[a]pply commonsense understanding to carry out simple one-or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." Dictionary of Occupational Titles, App'x C (4th ed. 1991)(available at 1991 WL 688702).

4 - OPINION AND ORDER

litigation position was substantially justified.  The Commissioner further contends even if the Court awards attorneys' fees to Plaintiff, the amount Plaintiff seeks is unreasonable and should be reduced.

## STANDARDS

An applicant for disability benefits prevails against the United States if the denial of benefits is reversed and remanded for rehearing pursuant to sentence four of 42 U.S.C. § 405(g) even if benefits are ultimately awarded.  *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).  A prevailing party in an action against the United States is entitled to an award of attorneys' fees and costs under EAJA unless the Commissioner demonstrates his position in the litigation was "substantially justified" or "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  *See also Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998).

In an EAJA case the Commissioner bears the burden to demonstrate that her position was substantially justified even when the plaintiff is the prevailing party.  *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005).
"The test for whether the government [was] substantially justified is one of reasonableness."  *Id.* at 618 (quoting *League of Women Voters of Cal. v. FCC,* 798 F.2d 1255, 1257 (9th Cir.

5 - OPINION AND ORDER

1986)). The Commissioner "must have a reasonable basis both in law and in fact." *United States v. $100,348.00 in U.S. Currency,* 354 F.3d 1110, 1124 (9th Cir. 2004)(citing *United States v. 2659 Roundhill Drive,* 283 F.3d 1146, 1151 (9th Cir. 2002)). See *also* 28 U.S.C. § 2412(d)(1)(A)(2)(D). The Commissioner's position must be substantially justified with respect to both (1) the original action and (2) her defense of the validity of that action in court. *Id.* (citing *Kali v. Bowen,* 854 F.2d 329, 332 (9th Cir. 1988)).

## DISCUSSION

### I. The Underlying Agency Conduct

The underlying agency conduct challenged by the Plaintiff was the ALJ's failure to ask the VE about the apparent conflict between the VE's testimony and the DOT. In its response to Plaintiff's Opening Brief, the Commissioner acknowledged the ALJ's error. Nevertheless, the Commissioner contended the ALJ's error was harmless. As noted, the Court disagreed, reversed the Commissioner's decision, and remanded the matter for further proceedings.

A finding that the agency's position was based on violations of its own regulations precludes a finding that its position was substantially justified. *Keyser v. Astrue*, No. 08-cv-1268-CL, 2011 WL 5881364, at *3 (D. Or. Nov. 22, 2011)(citing *Gutierrez v.*

6 - OPINION AND ORDER

*Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001)).  Because the ALJ erred when he failed to question the VE about the apparent conflict between the VE's testimony and the DOT in violation of SSR 00-4p, the Court concludes the Commissioner's position in the underlying agency action was not substantially justified.

### A. Litigation Position

The Commissioner argues an award of fees is inappropriate because the Commissioner's litigation position was substantially justified in that the law was not clearly established with respect to whether limiting a claimant to "simple routine tasks" is inconsistent with VE testimony that a hypothetical claimant could perform jobs at DOT Reasoning Level 2.

As noted in the Court's Opinion, the case law is inconsistent on this issue and the Ninth Circuit has not addressed it.  The Court also noted, however, that "[c]ourts in this district have concluded this conflict requires the ALJ to ask the VE at the hearing and the VE to explain the conflict.  These courts have generally remanded for further proceedings to obtain a sufficient explanation."  *Id.* at 12 (citing *Allen-Howard v. Astrue*, No. 3:11-CV-01116-RE, 2012 WL 4739425, at *2 (D. Or. Oct. 3, 2012); *Whitlock v. Astrue*, No. 3:10-cv-357-AC, 2011 WL 3793347, at *5 (D. Or. Aug. 24, 2011)).  In light of the fact that there have been at least two prior cases in this district in which the Court remanded the Commissioner's decision when the ALJ

7 - OPINION AND ORDER

failed to question the VE about the apparent conflict between the VE's testimony and the DOT, the Court concludes the Commissioner's litigation position in this matter was not substantially justified.

## II. Reasonableness of Fees

### A. Standards

EAJA does not permit awards of attorneys' fee in excess of $125 per hour unless the court determines an annual increase in the cost of living or another special factor justifies a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A).

Plaintiff seeks reasonable attorneys' fees for legal services rendered in 2012 and 2013. The Ninth Circuit has adjusted the base hourly rate for those years to account for inflation as follows: $184.32 for 2012 and $186.55 for the first half of 2013. See Statutory Maximum Rates Under the Equal Access to Justice Act, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

### B. Discussion

Based on the foregoing, the Court concludes Plaintiff is entitled to reasonable attorneys' fees for compensable services rendered on her behalf to include Plaintiff's Reply in support of her Motion (#23) for Attorneys' Fees.

Plaintiff seeks attorneys' fees in the amount of $4,466.21 for 24 hours of attorney time spent on this matter as follows:

8 - OPINION AND ORDER

    1.5 hours in 2012 at $184.32/hour = $246.48

    22.5 hours[4] in 2013 at $186.21/hour = $4,189.73

The Commissioner does not object to the hourly rate charged by Plaintiff's attorney, which is consistent with the hourly rate permitted under EAJA. The Commissioner contends, however, the amount that Plaintiff seeks should be reduced to $3,435.58 because (1) some of the hours were spent on clerical work and, therefore, not "reasonably expended" by Plaintiff's counsel and (2) Plaintiff's counsel billed in quarter-hour increments rather than the tenth-hour increments favored by this District. See Neil v. Comm'r, Soc. Sec., No. 3:10-cv-429-MA, 2011 WL 4406311, at *5 (D. Or., Sept. 21, 2011).

    **1.    Hours Expended**

Clerical work or secretarial tasks are not properly reimbursable as attorneys' fees. Neil, 2011 WL 4406311, at *2 (citing Missouri v. Jenkins, 491 U.S. 274, 288 n.1 (1989)("purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer] rate" are typically considered overhead expenses, and are not reimbursable). See also Aranda v. Astrue, No. 08-cv-340-MA, 2011 WL 2413996, at *6 (D. Or. June 8, 2011)(clerical tasks such as filing are not compensable as EAJA attorney fees); Breyer v. Comm'r, Soc. Sec. Admin., 2011 WL 2222132, at *2 (D.

---

[4] This includes "fees-on-fees" in the amount of $465.53 for 2.5 hours spent on Plaintiff's Motion (#23) and Reply (#27).

9 - OPINION AND ORDER

Or. June 6, 2011)(same); *Costa v. Astrue*, 09-cv-6048-HU, 2011 WL 221837, at *2 n. 1 (D.Or. Jan. 18, 2011)(same), *rev'd on other grounds*, 690 F.3d 1132 (9th Cir. 2012).

Specifically, the Commissioner argues Plaintiff's award for attorneys' fees should be reduced by $276.48 for 1.0 hour spent on "client intake" and .5 hours spent on "[d]raft/file complaint, service of process and IFP [*(in forma pauperis)*] application" because such time is clerical and not "attorney work." In her Reply Plaintiff clarifies the client intake "refers to the initial evaluation of the merits of the case. It is at this time that Plaintiff's attorney does the primary issue-spotting to determine if the case is viable in federal court." Pl.'s Reply at 6. Based on Plaintiff's explanation, the Court concludes the 1.0 hours devoted to client intake is appropriately included in Plaintiff's request for attorneys' fees.

Plaintiff concedes the .5 hour entry for "[d]raft/file complaint, service of process and IFP application" may be considered clerical, but Plaintiff asserts it is, nevertheless, reasonable here because attorneys at Plaintiff's firm routinely perform these tasks. As noted, however, the Court may not award fees for clerical work even when the work is performed by attorneys. The Court, therefore, concludes Plaintiff is not entitled to attorneys' fees for this work and, accordingly, reduces the award for attorneys' fee by $92.16.

10- OPINION AND ORDER

## 2. Billing Increments

The Commissioner contends the award of attorneys' fees sought by Plaintiff should be reduced because Plaintiff's counsel used quarter-hour billing increments instead of the more commonly-used and preferred tenth-hour increments. As noted by the court in *Neil*, "this district favors billing in .1 hour increments because the larger .25 increments inflates billing hours." WL 4406311, at *5 (citing *Brandt v. Astrue*, No. 08-cv-0658-TC, 2009 WL 1727472, at *5 (D. Or. June 16, 2009)).

Although Plaintiff's counsel did not use this District's preferred incremental .1 hour billing increments, the total amount of hours of attorney time sought by Plaintiff is within the standard range awarded for Social Security cases. *See Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases.")(citing *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000)(collecting district court cases)). The Court agrees.

Accordingly, the Court concludes the attorneys' fee award for 23.5 hours[5] is reasonable and need not be reduced based solely on the billing increment used by Plaintiff's attorney.

---

[5] This does not include the .5 hours of clerical work the Court has excluded from the award.

11- OPINION AND ORDER

C. **Fees-on-Fees**

Plaintiff seeks attorneys' fees of $465.53 in "fees-on-fees" for 2.5 hours of work related to Plaintiff's Motion (#23) for Attorneys' Fees.

This Court has in the past awarded attorneys' fees incurred for preparation of a request for attorneys' fees based on "the same percentage of merits fees ultimately recovered to determine the proper amount of the fees-on-fees award." *See Teicher v. Regence Health and Life Ins. Co.*, No. 06-CV-1821-BR, 2008 WL 5071679, at *10 (D. Or. Nov. 24, 2008)(citing *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 909 (9th Cir. 1995)("[A] district court does not abuse its discretion by applying the same percentage of merits fees ultimately recovered to determine the proper amount of the fees-on-fees award."). *But see Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992)("the use of percentages does not discharge[] the district court from its responsibility to set forth a concise but clear explanation of its reasons for choosing a given percentage reduction.").

As noted, the Court concludes the fees sought by Plaintiff for work exclusive of the time related to Plaintiff's Motion for Attorneys' Fees is reasonable with the exception of $92.16 for the .5 hours spent on clerical work. The attorneys' fees award to which Plaintiff is entitled, therefore, is $3,908.52, which is 98% of the amount sought by Plaintiff. In addition, consistent

12- OPINION AND ORDER

with the approach approved by the Ninth Circuit in *Schwarz* and this Court's prior use of that methodology when appropriate, the Court, in the exercise of its discretion, awards Plaintiff fees-on-fees in the sum of $456.22, which is 98% of the $465.53 requested by Plaintiff as a reasonable fees-on-fees award.

In summary, the Court concludes Plaintiff is entitled to an award of $4,364.74 (1.0 hours in 2010 X $184.32 = $184.32, 20 hours in 2013 X $186.21 = $3724.20, and $456.22 in fees-on-fees).

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff'S Motion (#26) for Attorneys' Fees and **AWARDS** attorneys' fees to Plaintiff in the amount of **$4,364.74**.

IT IS SO ORDERED.

DATED this 31st day of December, 2013.

_____
ANNA J. BROWN
United States District Judge

13- OPINION AND ORDER